THE STATE OF MISSOURI, Respondent, v. TYD NICKELSON, Appellant.

Kansas City Court of Appeals, May 3, 1909.

CRIMINAL LAW: Sunday Law: Plaintiff: Pleading: Information. An information charging that a barber on the 18th day of August, etc., did on the first day of the week commonly called Sunday, keep open a barber shop, etc., and did, etc., certain labor then and there shaving the face and cutting the hair, etc., contains a direct statement of the fact that the day mentioned was Sunday, and is sufficient, and the rule that material allegations in criminal proceedings may not be made by intendment has no application.

Appeal from Ray Circuit Court.—*Hon. Francis H. Trimble,* Judge.

AFFIRMED.

*J. L. Farris, Jr.,* and *Roberts* for appellant.

(1)   The second amended information on which, the defendant was convicted is fatally defective, in this; that there is no averment therein, that the 18th day of August, 1908, was the first day of the week commonly called Sunday.   (2)   The defendant was charged with having shaved Robert Bates, and this is based on affidavit of prosecuting witness Blackwell.   Eight parties found afterward made affidavit that defendant did not shave Bates.   Motion for new trial should have been sustained.   (3)   Because of defect in said information, wherein the particular Sunday was not set forth therein.

*George W. Jenkins,* for respondent, filed no briefs.

JOHNSON, J.—Defendant, a barber doing business at Richmond, was prosecuted and convicted for an offense against the provisions of section 2240, Revised Statutes 1899.   The information under which he was tried is as follows:

"Now on this day comes George W. Jenkins, prosecuting attorney within and for the county of Ray and State of Missouri, leave of court having been first had and obtained, and for his second amended information informs the court that Tyd Nickelson in the county of Ray and State of Missouri, on the 18th day of August, A. D. 1907, did, on the first day of the week, commonly called Sunday, keep open a barber shop located in the county of Ray and State of Missouri, and did wilfully and unlawfully perform certain labor then and there shaving the face and cutting the hair of one Robert Bates, and performing the labor and services of a barber on divers and sundry other persons to this affiant unknown in the said barber shop, and said shaving and cutting hair and other labor then and there performed not being the household offices of daily necessity, and not being then

and there work of necessity, or of charity, contrary to the form of the statute in such cases made and provided, and against the peace and dignity of the State."

A demurrer to this information was overruled. Defendant argues that it should have been sustained on the ground that the information fails to aver that the 18th day of August, 1907, was the first day of the week, commonly called Sunday. The objection is without merit. The allegation that defendant "on the 18th day of August, A. D. 1907, did on the first day of the week, commonly called Sunday, keep open a barber shop . . . and did . . . perform certain labor then and there shaving the face and cutting the hair of one Robert Bates," etc., contains a direct statement of the fact that the date mentioned was Sunday. The rule that material allegations in criminal proceedings may not be made by intendment (115 S. W. 1059, State v. Clinkenbeard, and cases cited), no matter how strictly it may be construed, can have no application here, since the language employed does not require a resort to inference.

Finding no error in the record, the judgment is affirmed.

*Broaddus, P. J.,* concurs. He is of opinion that the business of a barber performed on Sunday is a work of necessity, but as the Supreme Court has held otherwise, he does not feel at liberty to dissent from the opinion of *Johnson, J., Ellison, J.,* concurs.